# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT GRUTGEN,<br><br>　　　Petitioner,<br><br>vs.<br><br>GLEN WHORTON, *et al.*,<br><br>　　　Respondents. | 3:07-cv-00543-LRH-VPC<br><br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#22) to dismiss as well as following upon petitioner's failure to file written notification of his change of address in compliance with Local Rule LSR 2-2.

In the petition, as amended, petitioner Robert Grutgen seeks to challenge a prison disciplinary conviction for the possession of the inmate-distilled alcohol product "pruno" as well as pruno-making materials. The disciplinary conviction resulted in sanctions of disciplinary segregation time and the loss of three days of good time credit. See # 13 (second amended petition); # 22, Exhs. 1 & 5 (disciplinary charge and conviction).

The Court takes judicial notice of the following from the records of the Clerk of Court. In No. 3:08-cv-00154-LRH-RAM, court mail directed to petitioner at the same Ely State Prison address that petitioner has provided in the present case was returned on or about June 19, 2009, as undeliverable, with the notation: "Not at ESP." In No. 3:08-cv-00304-BES-VPC, court mail directed to petitioner at the same Ely State Prison address that petitioner has provided in the present case was returned on or

1  about July 17, 2009, as undeliverable, again with the notation: "Not at ESP." Respondents' counsel
2  followed up with an affidavit on July 21, 2009, attesting that petitioner had completed his sentence and
3  had been released from Ely State Prison, that he had not left a forwarding address with state authorities,
4  and that it was unknown what his address might be.
5      In the present matter, petitioner has not filed a written notification of his change of address
6  subsequent to the time that court mail to the same prison address was returned as undeliverable in No.
7  3:08-cv-00154-LRH-RAM and No. 3:08-cv-00304-BES-VPC.
8      Petitioner's completion of his sentence and release from custody moots the type of habeas
9  challenge presented in this case, which is directed to the sanctions imposed in a prison disciplinary
10 proceeding rather than to the underlying conviction and sentence. Petitioner is not subject to any current
11 disciplinary segregation, and an order from this Court cannot advance the date of the completion of
12 petitioner's sentence and his resulting release, both of which have occurred. The motion to dismiss
13 therefore will be granted on the basis that the action is moot.
14     Moreover, Local Rule LSR 2-2 requires a petitioner to immediately file with the Court written
15 notification of any change of address, with the proviso that failure to comply with the rule may result
16 in dismissal of the action. The action therefore will be dismissed, in the alternative, for failure to
17 comply with Local Rule LSR 2-2.
18     IT THEREFORE IS ORDERED that respondents' motion (#22) to dismiss is GRANTED and
19 that this action shall be dismissed without prejudice as moot and, in the alternative, for failure to comply
20 with Local Rule LSR 2-2.
21     The Clerk of Court shall enter final judgment accordingly in favor of respondents and against
22 petitioner, dismissing this action without prejudice.
23     DATED this 27th day of August, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE